UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHASHAYAR TABRIZI, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>HERITAGE-CRYSTAL CLEAN, INC, a Delaware Corporation, HERITAGE-CRYSTAL CLEAN, LLC, an Indiana Limited Liability Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 13-7779 R (AJWx)<br><br>**Stipulated** JOINT ~~MOTION~~ AND ~~[PROPOSED]~~ **PROTECTIVE ORDER REGARDING THE DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>*Complaint Filed:* September 18, 2013 |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action will likely involve the production of confidential, proprietary, sensitive, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order Regarding the Disclosure of Confidential Information. The parties acknowledge that this Order does not confer

-2-

blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>Confidential Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4 <u>Highly Confidential – Attorneys' Eyes Only Information or Items</u>: sensitive Confidential Information or Items whose disclosure to another Party or non-party might create a substantial risk of injury and/or detriment.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly-Confidential - Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but

1 who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection

under this Order must take care to limit any such designation to material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  The Producing Party may affix the legend "CONFIDENTIAL" to Confidential Information or Items and the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Highly Confidential – Attorneys' Eyes Only Information or Items.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on the documents that contain

1 | Protected Material.

2 |     (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as Protected Material. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony shall have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

    Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

    (c)   for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially

produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion, in compliance with Local Rules, that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing

Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Confidential Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective

-8-

1  Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions
2  that reveal Protected Material must be separately bound by the court reporter and may not
3  be disclosed to anyone except as permitted under this Order.

4     (g)    the author of the document or the original source of the information.

5     7.3    <u>Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
6  ONLY Information or Items.</u> Unless otherwise ordered by the court or permitted in
7  writing by the Designating Party, a Receiving Party may disclose any information or item
8  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

9     (a)    the Receiving Party's Outside Counsel of record in this action, as
10 well as employees of said Counsel to whom it is reasonably necessary to disclose the
11 information for this litigation;

12     (b)    the Receiving Party's House Counsel directly involved in
13 supervision of the instant litigation to whom disclosure is reasonably necessary for this
14 litigation;

15     (c)    Experts (as defined in this Order) (1) to whom disclosure is
16 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound
17 by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in
18 paragraph 7.4, below, have been followed;

19     (d)    the Court and its personnel;

20     (e)    court reporters, their staffs, and professional vendors to whom
21 disclosure is reasonably necessary for this litigation and who have signed the "Agreement
22 to Be Bound by Protective Order" (Exhibit A); and

23     (f)    the author of the document or the original source of the
24 information.

25     7.4    Procedures for Approving Disclosure of HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to Experts

27     (a)    Unless otherwise ordered by the court or agreed in writing by the
28 Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order)

any information or item that has been designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that sets forth the full name of the Expert and the city and state of his or her primary residence.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion, in compliance with Local Rules, seeking permission from the court to do so

Identification of the Expert for this purpose shall not be construed to constitute a waiver of any privilege, including, *inter alia*, the attorney work product doctrine.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL.

A Party that seeks to file Protected Material must file such Protected Material under seal in accordance with Local Rules regarding such filings.

11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

1  (and, if not the same person or entity, to the Designating Party) by the sixty day deadline
2  that identifies (by category, where appropriate) all the Protected Material that was
3  returned or destroyed and that affirms that the Receiving Party has not retained any
4  copies, abstracts, compilations, summaries or other forms of reproducing or capturing any
5  of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain
6  an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
7  correspondence or attorney work product, even if such materials contain Protected
8  Material. Any such archival copies that contain or constitute Protected Material remain
9  subject to this Protective Order as set forth in Section 4 (DURATION), above.
10      12.   **MISCELLANEOUS**
11          12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of
12  any person to seek its modification by the Court in the future.
13          12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this
14  Protective Order no Party waives any right it otherwise would have to object to disclosing
15  or producing any information or item on any ground not addressed in this Stipulated
16  Protective Order. Similarly, no Party waives any right to object on any ground to use in
17  evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: March 20, 2014      Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Timothy M. Rusche*
    Timothy M. Rusche

Attorneys for Defendants
HERITAGE-CRYSTAL CLEAN, INC.
and HERITAGE-CRYSTAL CLEAN, LLC

DATED: March 20, 2014      THE PHELPS LAW GROUP

By: */s/ Marc Phelps*
    Marc Phelps
Attorneys for Plaintiff
KHASHAYAR TABRIZI

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: March 31, 2014

HONORABLE ▓▓▓▓▓▓▓▓
DISTRICT COURT
**MANUEL L. REAL**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [ date ] in the case of *Khashayar Tabrizi v. Heritage-Crystal Clean, Inc., et al.*, Case No. CV-13-7779 R (AJWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

-14-

Joint Motion and [Proposed] Protective Order
Case No. Case No. CV-13-7779 R (AJWx)

16920899v.1

**Terre, Elsa**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Thursday, March 20, 2014 4:41 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:13-cv-07779-R-AJW Khashayar Tabrizi v. Heritage-Crystal Clean Inc et al Motion for Protective Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Rusche, Timothy on 3/20/2014 at 4:40 PM PDT and filed on 3/20/2014

**Case Name:** Khashayar Tabrizi v. Heritage-Crystal Clean Inc et al

**Case Number:** 2:13-cv-07779-R-AJW

**Filer:** Heritage-Crystal Clean Inc

Heritage-Crystal Clean LLC

**Document Number:** 12

**Docket Text:**
**NOTICE OF MOTION AND Joint MOTION for Protective Order for the Disclosure of Confidential Information filed by Defendants Heritage-Crystal Clean Inc, Heritage-Crystal Clean LLC. (Rusche, Timothy)**

**2:13-cv-07779-R-AJW Notice has been electronically mailed to:**

Andrew Christian Crane     acrane@seyfarth.com, jaguilera@seyfarth.com

Andrew Marc Paley     apaley@seyfarth.com, dwasko@seyfarth.com, jgimble@seyfarth.com

Marc H Phelps     marchannanphelps@gmail.com

Roger Richard Carter     roger@carterlawfirm.net, andrea@carterlawfirm.net

Scott B Cooper     scott@cooper-firm.com, andrea@cooper-firm.com

Timothy Michael Rusche     trusche@seyfarth.com, eterre@seyfarth.com

**2:13-cv-07779-R-AJW Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Joint Motion and [Proposed] Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/20/2014] [FileNumber=17191648-0
] [93259dc43bc6122205eda8957cd4491620ea3a9c1beb975955a1e3f65b4b2e626b0
c21a243b692133d67f6840d3014914c61f8b8f9a0e18a4c789a59e34523c4]]